# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OTILIA SPILCA, individually
and as assignee of
HERMES CARTAGNENA

      Plaintiff,

v.

ZURICH INSURANCE NORTH AMERICA/
MARYLAND CASUALTY COMPANY

      Defendant.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TO:    UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW MEXICO

COMES NOW Defendant Maryland Casualty Company (misnamed in the Complaint for Damages for Common Law Insurance Bad Faith, Fraud, Negligent Misrepresentation and Breach of Contract and Claims Pursuant to the New Mexico Insurance Act and the New Mexico Unfair Trade Practices Act and Declaratory Judgment as "Zurich Insurance North America/Maryland Casualty Company), by and through their counsel of record, Butt Thornton & Baehr PC (James H. Johansen and Michael P. Clemens), and as grounds for removal to this Court states as follows:

    1.    On or about March 13, 2013, Plaintiff filed a Complaint for Damages for Common Law Insurance Bad Faith, Fraud, Negligent Misrepresentation and Breach of Contract and Claims Pursuant to the New Mexico Insurance Act and the New Mexico Unfair Trade

Practices Act and Declaratory Judgment ("Complaint") in the Second Judicial District, County of Bernalillo, State of New Mexico.  The case was docketed as Cause No. D-202-CV-2013-02422.  True and correct copies of the Summons and Complaint are attached as Exhibit A.

2.      The Plaintiff in the above-referenced action is Otilia Spilca, individually and as assignee of Hermes Cartagnena.  Both Plaintiff and Mr. Cartagnena, who is not truly a party to this action, are residents and citizens of Bernalillo County, New Mexico.

3.      The Complaint names Maryland Casualty Company (misnamed as Zurich Insurance North America/Maryland Casualty Company) as a Defendant.  Maryland Casualty Company is a Maryland corporation engaged in the insurance business with a statutory home office located at 600 Red Brook Blvd., Suite 600, Owings Mills, Maryland 2117 and its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.  Maryland Casualty Company is authorized to transact business and has transacted business in New Mexico.

4.      Maryland Casualty Company was served with process on March 19, 2013.  A true and correct copy of the Return of Service is attached as Exhibit A.

5.      Complete diversity of citizenship exists between Plaintiff and Defendant in this case.

6.      In the Complaint, Plaintiff alleges damages in excess of $6,000,000.00 for insurance bad faith, fraud, negligent misrepresentation, breach of contract, and violations of the New Mexico Insurance Act and New Mexico Unfair Trade Practices Act.  Thus, the amount in controversy exceeds $75,000.00.

7.      The Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and is removable by Maryland Casualty Company under the provisions of 28 U.S.C. §1441 because:

a.    The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and

b.    The matter in controversy is between citizens of different states.

8.    In accordance with D.N.M. LR-Civ. 81.1, copies of all process and pleadings served upon Maryland Casualty Company in connection with Cause No. 202-CV-2013-02422, filed in Second Judicial District, County of Bernalillo, State of New Mexico are attached to this notice as Exhibit A.

9.    This Notice of Removal is filed with this Court within thirty (30) days after service of Plaintiff's Complaint, which is the first pleading naming Maryland Casualty Company.

10.    Immediately upon the filing of this Notice of Removal, Maryland Casualty Company gave written notice of the filing to Plaintiff as required by 28 U.S.C. §1446(D) and filed a copy of this Notice of Removal with the Clerk of the Second Judicial District Court. County of Bernalillo, State of New Mexico, the Court from which this action is removed.

11.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Maryland Casualty Company (misnamed in the Complaint as Zurich Insurance North America/Maryland Casualty Company) respectfully requests that the above-entitled action be removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to this United States District Court for the District of New Mexico.

Respectfully submitted,

BUTT THORNTON & BAEHR PC

*/s/ James H. Johansen*  _____
James H. Johansen
Michael P. Clemens
*Attorneys for Defendant*
P.O. Box 3170
Albuquerque, NM 87190
(505) 884-0777
jhjohansen@btblaw.com
mpclemens@btblaw.com

I hereby certify that on the 16th day of April, 2013
the foregoing pleading was electronically filed
through the CM/ECT system, which caused the
following counsel of record to be served by
electronic means, as more full reflected on the
Notice of Electronic Filing:

Paul J. Kennedy
PAUL KENNEDY & ASSOCIATES, P.C.
*Attorney for Plaintiff*
pkennedy@kennedyhan.com

I further certify that on the \_\_ day of April, 2013
the foregoing pleading was also served via U.S.
First Class Mail to the following counsel of record:

Paul J. Kennedy, Esq.
Nan E. Nerdman, Esq.
PAUL KENNEDY & ASSOCIATES, P.C.
*Attorney for Plaintiff*
201 12th St. NW
Albuquerque, NM 87102

*/s/ James H. Johansen*  _____
James H. Johansen

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/13/2013 4:09:40 PM
GREGORY T. IRELAND

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

Kendra Goers

OTILIA SPILCA, individually
and as assignee of
HERMES CARTAGNENA

       Plaintiff,                    D-202-CV-2013-02422

v.                             No. _____

ZURICH  INSURANCE NORTH AMERICA /
MARYLAND CASUALTY COMPANY

### COMPLAINT FOR DAMAGES FOR COMMON LAW INSURANCE BAD FAITH, FRAUD, NEGLIGENT MISREPRESENTATION AND BREACH OF CONTRACT AND CLAIMS PURSUANT TO THE NEW MEXICO INSURANCE ACT AND THE NEW MEXICO UNFAIR TRADE PRACTICES ACT AND DECLARATORY JUDGMENT

Plaintiff Otilia Spilca, by and through her attorneys of record, Paul Kennedy &

Associates, P.C., hereby submits this Complaint under New Mexico common law bad faith,

fraud, negligent misrepresentation and breach of contract, claims pursuant to the New Mexico

Insurance Code, NMSA 1978, §§ 59A-16-1, et seq., the New Mexico Unfair Trade Practices Act,

NMSA 1978, §§ 57-12-1, et seq., and a claim for declaratory judgment against Defendant Zurich

Insurance North America / Maryland Casualty Company ("Zurich") for bad-faith refusal to pay a

claim on an insurance policy issued by Defendant.  In support of her Complaint, Plaintiff Otilia

Spilca asserts and avers as follows:

### PARTIES AND JURISDICTION

1.      At all times material hereto, Plaintiff, Otilia Spilca ("Ms. Spilca" or "Plaintiff") was a

        resident of Albuquerque, New Mexico and citizen of the State of New Mexico, and is the

        assignee of Hermes Cartagena.



EXHIBIT
A

2.      At all times material hereto, Hermes Cartagena ("Mr. Cartagena" or the "Insured") was a resident of Albuquerque, New Mexico and a citizen of the State of New Mexico.

3.      Defendant Zurich Insurance North America / Maryland Casualty Company is a corporation organized and existing under the laws of the State of Texas, with its principle place of business in Schaumburg, Illinois, and was, at all relevant times, duly licensed under the laws of New Mexico state to issue policies of insurance covering a variety of casualty and other risks, including policies of liability insurance.

4.      Defendant Zurich has as its statutory agent for service of process in New Mexico the New Mexico Superintendent of Insurance in Santa Fe County.

5.      The causes of action described in the Complaint arose in Bernalillo County, New Mexico.

6.      Venue is proper in this Court because Plaintiff is a resident of Bernalillo County and the cause of action arose in Bernalillo County.

7.      This Court has jurisdiction over the parties and the subject matter in this lawsuit.

## FACTUAL BACKGROUND

8.      At all times material hereto, Mr. Cartagena was the sole owner and operator of Prestige Management Systems, Inc. (Prestige), which rented the premises at 5600 McLeod NE, Unit P, Albuquerque, New Mexico 87109.

9.      On March 1, 2007, as required by the lease for the premises, Mr. Cartagena purchased liability insurance for Prestige through Defendant Zurich under Policy No. PAS 01579012 (the "Policy").

10.     From March 7, 2007, through March 7, 2008, a duty was imposed on Zurich by virtue of the obligations undertaken by it under the Policy to act in good faith in representing and

2

protecting its insured, Cartagena and his assignees, with respect to any claim or litigation arising from the operation of his business.

11. Mr. Cartagena fully performed all of the terms, covenants, and conditions required by said policy to be performed on his part and paid the annual premium of $876.00, which should have provided coverage under the policy until at least March 1, 2008.

12. The Policy covered claims for bodily injury occurrences that take place on the insured property. It also contained a provision whereby it would defend and indemnify the Insured in the event of bodily injury occurring on the insured property.

13. An incident arose on July 28, 2007 whereby the conduct of the Insured, Mr. Cartagena, caused bodily injury, resulting in harm and damages to Plaintiff Spilca on the premises of Prestige.

14. On November 3, 2009, Plaintiff commenced an action against Mr. Cartagena to recover for her injuries incurred as a result of the actions of Mr. Cartagena on the premises of Prestige, in <u>Spilca v. Cartagena</u>, Bernalillo County District Court, State of New Mexico, Cause No. D-202-CV-2009-12774 (the underlying litigation).

15. Mr. Cartagena submitted a claim to Defendant Zurich, based on this action.

16. When Mr. Cartagena or counsel for Plaintiff made demands to Zurich to provide a legal defense to its Insured or make payment on the claim, Zurich repeatedly asserted that the policy had been cancelled on July 28, 2007, as of 12:01 a.m., just hours before the incidents that gave rise to the claim alleged herein.

17. Under the terms of the Policy, it could only be cancelled upon 30 days notice, once the policy had been in effect for longer than 90 days. As of July 28, 2007, the Policy had been in effect for 148 days, and thus could only be cancelled upon 30 days notice.

3

18.   No notice was provided by Defendant to its Insured prior to July 28, 2007 that the Policy had been cancelled.  The first notification of cancellation sent by Defendant Zurich was on August 5, 2007, at least 8 days after the incident in question.

19.   Due to Zurich's contention that the policy had been cancelled, Mr. Cartagena was not provided a defense in that action, and was forced to defend himself.

20.   Zurich refunded a portion of the premium to Mr. Cartagena in the sum of $519.00 sometime after July 28, 2007.

21.   On numerous occasions prior and subsequent to the institution of the litigation and before the trial thereof, the Insured and Plaintiff Spilca, by and through her counsel, contacted Zurich and demanded that they comply with their duties and obligations under the Policy.

22.   In its documentation regarding the policy cancellation, Zurich provides two conflicting explanations for the cancellation; 1), that the insured had purchased other insurance for the business elsewhere, and 2) and that the insured closed the business.

23.   The Insured did not close the business prior to July 28, 2007, but was instead operating the business up through and including the date of the injury to Plaintiff that was the basis for the lawsuit against Mr. Cartagena.

24.   The Insured did not purchase insurance for the business elsewhere since he believed he had valid insurance for the business through the Defendants, and acted in reliance on Defendant's representations that the Policy was active and valid through and including July 28, 2007.

25.   The Insured, Mr. Cartagena, testified under oath that he did not, at any time, request the cancellation of the Policy, nor did he assert to Zurich or any of its agents that he had obtained other insurance.

26.   The Insured made numerous demands to Zurich to pay the claim or discuss settlement of the claim before during and after the litigation, but Zurich refused to engage in any settlement discussions or in conversations regarding whether the Policy was validly cancelled.

27.   Rather than duly assessing the Insured's liability under the Policy, Defendant Zurich, by and through its agents, deliberately created the fraud that the Insured's policy had been cancelled, thereby subjecting the Insured to lack of representation in the underlying litigation.

28.   The basis of the underlying litigation was Mr. Cartagena's negligence in his offices on July 28, 2007 which lead to Plaintiff Spilca's bodily injury.  The Court upheld the allegations in the Complaint, entering Findings of Fact and Conclusions of Law, attached hereto as Exhibit "A," finding that Mr. Cartagena was negligent and finding judgment for Plaintiff Spilca.

29.   Due to the serious nature of the incident and the damages caused to Plaintiff Spilca as a result, the court awarded judgment in the amount of $6,000,000; $3,000,000 of which was awarded as compensatory damages and $3,000,000 of which was awarded as punitive damages.  Prejudgment interest was also awarded, dated back to the time of the filing of the complaint.  See Judgment, attached hereto as Exhibit "B."

30.   In consideration of Plaintiff's agreement not to enforce the balance due and owing against the judgment, Mr. Cartagena has assigned to Plaintiff all of his claims against Zurich arising out of its refusal to pay any of Plaintiff's claims against Mr. Cartagena when it had an opportunity to do so.  A copy of the assignment is attached hereto as Exhibit "C.".

31.   By reason of said assignment, Plaintiff Spilca is entitled to recover from Defendant all damages sustained by the Insured, including the entire balance of the $6,000,000.00 due on Plaintiff's judgment entered against him, plus interest, until the judgment is satisfied.

32.   Plaintiff Spilca now sues the Defendant insurance company, Zurich in this action in her own right, and as the assignee of Hermes Cartagena.

## COUNT I

## BAD FAITH REFUSAL TO PAY INSURANCE CLAIM

33.   Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1 through 32, above.

34.   Defendant falsely represented to the Insured that the Policy was a valid, active insurance policy for the time period represented in the Policy, March 1, 2007 to March 1, 2008. During that time period, Defendant Zurich owed a duty of good faith to the Insured.

35.   After the July 28, 2013 incident, Defendant falsely represented to the insured and Plaintiff Spilca's counsel that the Policy had been cancelled as of 12:01 am on July 28, 2007.

36.   Defendant failed to perform a prompt and thorough investigation and/or assessment regarding the incident that caused Plaintiff bodily injury on July 28, 2007.

37.   Defendant refused to promptly provide an honest and reasonable explanation of the basis for the alleged cancellation of the Policy.  Defendants refusal to investigate Plaintiff's bodily injury claim on the false basis that the Policy had been cancelled was unreasonable, wanton, reckless, unfair, fraudulent, deceptive and in bad faith.

38.   Defendant failed to give the Insured the same consideration as it gave its own interest.

6

39.   As a result of the unreasonable, wanton, reckless, unfair, fraudulent, deceptive and bad faith practices of Defendant, both its insured and Plaintiff Spilca suffered harm, injuries and damages as set forth elsewhere herein, including pain, suffering, emotional distress, including but not limited to non-payment of the $6,000,000 judgment assessed against its insured, Mr. Cartagena, and awarded to Plaintiff Spilca.

40.   Defendant's bad faith, unreasonable, wanton, reckless, unfair, fraudulent, deceptive conduct entitles Plaintiff to compensatory damages, punitive damages and her fees and costs in bringing this action.

## COUNT II

## BAD FAITH REFUSAL TO PAY CLAIM
## UNDER THE NEW MEXICO INSURANCE CODE

41.   Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1 through 40, above.

42.   By falsely claiming that the Policy was cancelled and thus refusing to provide a defense to its insured, Defendant, acting on its own or through its agents and employees, willfully engaged in unfair, deceptive and fraudulent claim practices in violation of the New Mexico Insurance Code, NMSA 1978, § 59A-16-1 *et. seq.* (1984).  These practices included, but were not limited to:

  a.   Falsely representing to the insured and Plaintiff Spilca's counsel the false information that the Policy was cancelled.

  b.   Failing to perform a prompt and thorough investigation and/or assessment regarding the alleged cancellation of the policy to determine fairly and truthfully

whether the policy was, in fact, in full force and effect at the time of the sexual assault that was the basis for the underlying litigation.

c.     Refusing to promptly provide an honest and reasonable explanation of the basis for the alleged cancellation of the policy.

43.   As a result of the willful, unfair, fraudulent, bad faith and deceptive claim practices of Defendants, both its insured and Plaintiff Spilca suffered harm, injuries and damages as set forth elsewhere herein, including pain, suffering, emotional distress, including but not limited to non-payment of the $6,000,000 judgment assessed against its insured, Mr. Cartagena, and awarded to Plaintiff Spilca.

44.   Under the New Mexico Insurance Code, Plaintiff is entitled to her actual damages of $6,000,000, as awarded by the Court, as well has her attorney fees and costs in bringing this action.

## COUNT III

## VIOLATIONS OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT

45.   Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1 through 44, above.

46.    In refusing to provide coverage on an active policy by falsely claiming that the Policy was cancelled, Defendant Zurich, acting through its agents and employees, willfully engaged in deceptive, false, misleading and unconscionable trade practices in violation of the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-1 *et. seq.*, (2009), by engaging in deceptive business practices. These practices included, but were not limited to:

a.   Falsely claiming that the policy had been cancelled at 12:01 a.m. on the date of the incident that is the basis for the underlying litigation,

b.   Creating false documentation to provide a basis for the false assertion that the policy had been cancelled.

c.   Creating false bases for the alleged cancellation of the policy, including that the business (Prestige) had been closed, and, alternatively, that the Insured had purchased other insurance.

d.   Falsely asserting that the insured had cancelled the Policy, when he had not, thereby purposely misleading the insured and Plaintiff Spilca and her counsel.

e.   Refusing to pay the judgment entered against its insured on a policy which Defendant was legally obligated to pay.

47.   As a direct and proximate result of the willful, unfair bad faith and unconscionable trade practices of Defendants, the Insured suffered harm, injuries and damages in the form of a $6,000,000 judgment, which award is to be paid by Defendants to Plaintiff Spilca.

48.   Defendant Zurich employed a policy and actions that defrauded the Insured, causing him to represent himself in the underlying litigation, and thereby subjecting him to a judgment in the amount of $6,000,000.00.

49.   Under the Unfair Practices Act, Plaintiff is entitled to treble damages, and to her attorney's fees and costs in bringing this action.  NMSA 1978, § 57-12-10(B) and (C).

## COUNT IV

## COMMON LAW FRAUD

50.   Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1 through 49, above.

9

51. Defendant Zurich made an intentional misrepresentation of fact when it asserted to the Insured that it had issued him a valid, viable insurance policy.

52. Defendant Zurich made an intentional misrepresentation of fact when it asserted to its insured that the Policy was cancelled.

53. This false and intentional misrepresentation that the Policy was cancelled was known to be an intentional misrepresentation by Defendant Zurich and its agents.

54. Defendant Zurich and its agents made this false and intentional misrepresentation that the policy had been cancelled with the intent to deceive their insured, Mr. Cartagena, and any of his judgment debtors.  Mr. Cartagena relied on Defendants' claims and representations that he was insured under Defendants' policy, to his detriment, as he had to represent himself in the underlying litigation and thus subjected himself to a judgment in the sum of $6,000,000.

55. But for Defendants' fraud, the Policy would have remained in full force and effect until March 1, 2008, since Mr. Cartagena had timely and fully paid the annual premium on the Policy.

56. Mr. Cartagena has assigned all rights to his claims with regard to Zurich and the Policy to Plaintiff Spilca.

57. As a direct and proximate result of its fraudulent assertions and conduct, Defendant Zurich has injured both its insured and Plaintiff Spilca, who have both suffered harm, injuries and damages in the amount of $6,000,000 in non-payment of the judgment, and including pain, suffering, and emotional distress.

58. As a result of Defendant's fraud, Plaintiff is entitled to compensatory damages, punitive damages, as well as her fees, costs and pre- and post-judgment interest.

## COUNT V

## COMMON LAW NEGLIGENCT MISREPRESENTATION

59.   Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1 through 58, above.

60.   Defendant Zurich owed a duty to the Insured to provide a legal defense, indemnification and insurance coverage for claims made on the policy during the time period in question.

61.   Defendant Zurich breached that duty to the Insured, and thereby to his assignee, by claiming that the policy had been cancelled when it had not.

62.   As a direct and proximate result of Defendant Zurich's claims that the policy had been cancelled when it, in fact, had not, Mr. Cartagena was required to appear pro se in the underlying litigation, resulting in a judgment against him in the amount of $6,000,000.

63.   As a direct and proximate result of Defendant Zurich's misrepresentations, Plaintiff has been harmed by her inability to collect on the judgment.

64.   Defendant Zurich has injured both its insured and Plaintiff Spilca, who have both suffered harm, injuries and damages in the amount of $6,000,000 in non-payment of the judgment, and including pain, suffering, and emotional distress.

## COUNT VI

## BREACH OF CONTRACT AND BREACH OF THE
## COVENANT OF GOOD FAITH AND FAIR DEALING

65.   Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1 through 64, above.

66.   Defendant breached its contract with the Insured when it asserted that the insurance policy, which is a valid contract, had been cancelled as of 12:01 a.m. on the very morning

of the incidents in question, and declined to investigate the claims made, defend or indemnify the Insured, or cover the claim in any way.

67.   Defendant acted in bad faith in asserting to the Insured and others that the insurance contract had been cancelled, knowing that the Insured had not requested that the contract be cancelled, and not following its own policies regarding cancellation, which require giving 30 days notice prior to cancellation.

68.   Defendant wrongfully and intentionally breached the implied covenant of good faith and fair dealing inherent in every contract that arises in New Mexico, by refusing to investigate or examine the claims made on the contract and instead attempted to back-date the cancellation of the policy.

69.   Defendant's wrongful, intentional, bad-faith breach of the contract in falsely representing that the Policy had been cancelled, harmed the Insured, who was unable to benefit from representation and defense for alleged incident, resulting in a $6,000,000 million judgment against him.

70.   Defendant's wrongful, intentional, bad-faith breach of the contract in falsely representing that the Policy had been cancelled, harmed Plaintiff, who has been unable to collect the $6,000,000 million judgment, and was in deliberate disregard for the interest of the Insured.

71.   As a direct and proximate result of Defendant Zurich's claims that the policy had been cancelled when it, in fact, had not, Mr. Cartagena was required to appear pro se in the underlying litigation, resulting in a judgment against him in the amount of $6,000,000.

72.   As a direct and proximate result of Defendant Zurich's misrepresentations, Plaintiff has been harmed by her inability to collect on the judgment.

73.　　As a result of Defendant's wrongful, intentional bad-faith breach of the covenant of good

faith and fair dealing, Plaintiff is entitled to compensatory damages, punitive damages,

costs, prejudgment and post-judgment interest.

## COUNT VII

## DECLARATORY JUDGMENT

74.　　Plaintiff Spilca incorporates by reference all facts and claims included in paragraphs 1

through 73, above.

75.　　Plaintiff is entitled to a declaratory judgment pursuant to NMSA 1978, § 44-6-1 *et seq.*

for the purpose of determining that the Policy held by the Insured was not validly

cancelled by Zurich, and that the Policy was in full force and effect throughout the date

of the incident submitted for coverage; July 28, 2007.

76.　　Plaintiff is further entitled to a declaratory judgment that she, as the third party

beneficiary of the insurance claim has standing to bring this claim against Defendant

Zurich and is entitled to any benefit of that policy based on the incidents of July 28, 2007.

　　　WHEREFORE, Plaintiff requests damages as enumerated above, as well as attorney's

fees, costs, prejudgment and post-judgment interest and for such other relief as is permitted by

law, and the court deems just and proper.


Respectfully submitted,

PAUL KENNEDY & ASSOCIATES, P.C.

/s/　Nan E. Erdman

_____
Paul J. Kennedy
Nan E. Erdman
201 12th Street N.W.
Albuquerque, New Mexico 87102

13

(505) 842-8662
*Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/9/2012 1:35:56 PM
GREGORY T. IRELAND

Jessica Aguilar

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

OTILIA SPILCA,
     Plaintiff,
v.                                 D-202-CV-2009-12774

HERMES CARTAGENA,
     Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS MATTER** having come before the Court for a Damages Hearing on April 23, 2012, the Court having heard the testimony, having reviewed the evidence and the record, having heard argument, and having reviewed the Plaintiff's Requested Findings of Fact, and Conclusions of Law, the Defendant having asked to be excused from the Damages Hearing and having not submitted Requested Findings of Fact, and Conclusions of Law,  finds and concludes as follows:

## FINDINGS OF FACT

1.     At all times relevant to the current suit, Defendant Hermes Cartagena was an employee and agent of Prestige Management Systems, Inc.

2.     Prestige Management Systems, Inc. was a registered foreign corporation, licensed to do business in New Mexico. Although incorporated in Delaware, Prestige Management's primary offices were located at 2815 Broadbent Parkway, NE in Albuquerque, New Mexico.

3.     As the manager of Prestige Management Systems, Inc., Defendant Hermes Cartagena placed advertisements in various local New Mexico newspapers and websites, in order to recruit individuals to work as contractual sales agents for Prestige Management.

4.     In July 2007, Plaintiff Otilia Spilca was eighteen years old and a recent high school graduate.

Plaintiff began looking for her first job and responded to an advertisement which had been placed by Defendant Cartagena. Defendant Cartagena met with Plaintiff, and asked her to come to Prestige's offices on the morning of July 28, 2007.

5.      Plaintiff Otilia Spilca is a very credible witness.

6.      Defendant Hermes Cartagena has no credibility, and asked to be excused from the Damages Hearing held on April 23, 2012.

7.      In making his request to Plaintiff, Defendant Cartagena was operating under the normal policies and practices of Prestige Management, which required all new sales agents to complete a "day of observation."

8.      As requested, Plaintiff arrived at Prestige Management's Broadbent Parkway offices on the morning of July 28, 2007 for the day of observation.

9.      Plaintiff was not yet an employee of Prestige Management and/or Defendant Cartagena.

10.     During the morning of July 28, 2007, Plaintiff accompanied Prestige Management's other sales agents as these individuals conducted a door-to-door sales campaign in Albuquerque, New Mexico.

11.     After lunch on July 28, 2007, Defendant Cartagena instructed Plaintiff to accompany him back to the Broadbent Parkway offices, so that they could discuss Plaintiff's employment with Prestige Management.

12.     When Defendant and Plaintiff arrived at the Prestige Management offices, no one else was on the premises.

13.     Defendant locked the main entrance to the business with a key and then instructed Plaintiff to accompany him to his private office. Plaintiff and Defendant entered the private office, and Defendant shut and locked that door as well.

EXHIBIT A

14.     Once Plaintiff was alone with Defendant, Defendant began questioning Plaintiff about her life and her family.   Plaintiff observed Defendant to be touching his genitals during this conversation.

15.     Defendant Cartagena asked Plaintiff to allow him to take nude photographs of her and Plaintiff said "No".

16.     Defendant Cartagena then falsely imprisoned Plaintiff in the office, at which time he forced Plaintiff to engage in various nonconsensual sexual acts.

17.     Defendant Cartagena approached Plaintiff, pulled up her shirt, and touched her breasts.

18.     Defendant Cartagena forced Plaintiff to perform fellatio on him.

19.     Defendant Cartagena forced Plaintiff to engage in sexual intercourse with him

20.     Plaintiff Spilca did not consent to any physical contact with Defendant Cartagena. Plaintiff Spilca made her lack of consent obvious by repeatedly telling the Defendant "No" and trying to push Defendant off of her.

21.     Upon the completion of his sexual assault on Plaintiff, Defendant Cartagena allowed her to leave the premises.

22.     Plaintiff Spilca immediately went to her mother's place of business and reported the sexual assault to her.  Plaintiff's mother then contacted the Albuquerque Police Department and reported the rape of her daughter.

23.     Albuquerque Police Department officers responded to Plaintiff's mother's call for assistance and interviewed Plaintiff Spilca. Upon receiving information that the suspect may still be located at the scene of the sexual assault, officers proceeded to the Prestige office building at the direction of Plaintiff.

24.     When officers arrived at the Prestige building, Defendant Cartagena fled from them,

barricaded himself inside the building and fought with law enforcement officers.   Despite Defendant's efforts to evade police, he was ultimately arrested that day.

25.      Plaintiff Spilca assisted officers with the investigation of the sexual assault by submitting to multiple interviews and undergoing an invasive physical examination, which included a gynecological examination, evidence collection and being photographed.

26.      During the physical examination injuries to Plaintiff's vagina were observed and documented.

27.      As a result of the July 28, 2007 incident, Defendant Cartagena was indicted on criminal charges and eventually pled guilty to Criminal Sexual Penetration, False Imprisonment and Escape from a Peace Officer.

28.      Plaintiff Spilca filed suit against Defendant Cartagena claiming damages as a result of Defendant's intentional torts and negligence.

29.      On July 26, 2011 Plaintiff filed a Motion for Partial Summary Judgment as to Liability.

30.      On October 25, 2011 this Court held a hearing on Plaintiff's Motion for Partial Summary Judgment as to Liability and subsequently entered an order granting Plaintiff's motion as to Plaintiff's negligence claim against Defendant Cartagena.

31.      A hearing to determine the balance of the lawsuit was held on April 23, 2012.

32.      At that hearing, Plaintiff Spilca testified that since being falsely imprisoned and sexually assaulted by Defendant, she has suffered from depression, fear, anxiety, embarrassment, feelings of worthlessness, low self-esteem, sleeplessness and reoccurring nightmares. This caused Plaintiff to engage in self-injurious behaviors such as cutting herself on her legs until she drew blood.  The psychological trauma also caused Plaintiff to withdraw socially, made her fearful to leave her home, and continues to interfere with her performance at school. The continuing trauma creates anxiety for

EXHIBIT A

Plaintiff around the prospect of having to apply for another job and has led to tension and difficulties in maintaining romantic relationships.

33.     Dr. Anne Rose also testified at the hearing regarding a forensic evaluation that she conducted of Plaintiff Spilca.

34.     During the forensic evaluation, Dr. Rose interviewed Plaintiff and administered a battery of cognitive and psychological tests on her.  As a result of the evaluation, Dr. Rose was able to reach conclusions regarding the impact the false imprisonment and sexual assault had on Plaintiff.

35.     Dr. Rose testified that her evaluation of Plaintiff Spilca revealed an extremely shy, timid and naïve young woman.

36.     Dr. Rose concluded that as a result of Defendant's conduct, Plaintiff Spilca suffers from severe and long lasting psychological and emotional injuries.

37.     Dr. Rose recommends Plaintiff Spilca obtain counseling from a female therapist for a minimum of two years, with counseling sessions at least twice a week.

38.     No evidence was introduced at the hearing to contradict or rebut the testimony of Plaintiff Spilca or Dr. Rose.

39.     No evidence was introduced at the hearing regarding any contributory negligence on the part of Plaintiff Spilca.

40.     As a result of Defendant's negligence, Plaintiff Spilca has suffered, and continues to suffer, long-term psychological and emotional damages.

41.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages including psychological and emotional harm and physical injuries.

42.     Additionally, Defendant Cartagena falsely imprisoned Plaintiff Spilca when he locked her in his office and used physical force to prevent her from leaving.  As a direct and proximate result of

being falsely imprisoned by Defendant, Plaintiff suffered physical harm, as well as, psychological and emotional injuries.

43.     Plaintiff Spilca, during her testimony, described physical injuries and pain, along with severe and long lasting psychological and emotional damages including anxiety, depression, fear, feelings of worthlessness, difficulty sleeping, nightmares and self-injurious behaviors. This testimony, along with the testimony of Dr. Anne Rose, which corroborates and confirms the severity and long-term nature of the injuries.

## CONCLUSIONS OF LAW

1.     New Mexico tort law requires a Plaintiff to demonstrate: 1) the existence of a duty by the defendant to the plaintiff, 2) a breach of that duty, which is typically based on a standard of reasonable care, and 3) that defendant's breach of duty is the cause of plaintiff's damages. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶6, 134 N.M. 43.

2.     New Mexico recognizes a "general negligence standard, requiring [an] individual to use reasonable care in his activities and dealings with "society as a whole." *Edward v. City of Albuquerque,* 2010-NMSC-043, ¶15, 148 N.M. 646, 610 (citing *Calkins v. Cox Estates*, 110 N.M. 59, 62 at n.1, 792 P.2d.36, 39 at n.1. (1990)).

3.     In addition to the general duty to use reasonable care, Defendant Cartagena owed a duty to protect Plaintiff from unreasonable harm while she was on Prestige Management's premises and to provide a safe workplace. *Reichert v. Atler*, 117 N.M. 623, 626, 875 P.2d 382 (1994), *Chavez v. Torres,* 1999-NMCA-133, ¶17, 128 N.M. 171, *Arvas v. Feather's Jewelers*, 92 N.M. 89, 91, 582 P.2d 1302, 1304 (Ct. App. 1978).

4.     Defendant Cartagena, through his negligence, breached his duty to protect Plaintiff and provide a safe workplace for her.

5.    In determining a measure of damages, the amount fixed should reasonably and fairly compensate the plaintiff for the proven damages. *Beavers v. Johnson Controls World Servs.*, 116 N.M. 29, 859 P.2d 497 (Ct. App. 1993)(rev'd on other grounds 118 N.M. 391, 881 P.2d 1376 (1994), UJI 13-1802 NMRA.

6.    Compensable damages include any pain and suffering experienced by the Plaintiff and reasonably certain to be experienced by the Plaintiff in the future that are the result of injuries caused by Defendant's negligence. UJI 13-1802 NMRA.

7.    In determining damages, it is appropriate to take into consideration the nature, extent and duration of the injuries.  UJI 13-1806 NMRA.

8.    An award of compensatory damages in the amount of $3,000,000.00 is awarded based on the facts, and evidence heard.

9.    Punitive damages may be awarded when the conduct of a defendant is malicious, willful, reckless, wanton, fraudulent or in bad faith.  UJI 13-1827 NMRA.

10.    Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights or safety.  UJI 13-1827 NMRA.

11.    Defendant Cartagena acted indifferently and with conscious disregard for Plaintiff Spilca's rights and safety when he falsely imprisoned and then sexually assaulted her.  Defendant's conduct as to Plaintiff Spilca was wanton, and shocking to the conscience.

12.    Thus, Plaintiff Spilca is entitled to punitive damages.

13.    The amount of punitive damages must be based on reason and justice taking into account all the circumstances including the nature and enormity of the wrong and any aggravating or mitigating circumstances shown. UJI 13-1827 NMRA.

14.    There is no evidence of any mitigating circumstances to reduce an award for punitive

damages.

15.     Reprehensibility of the tortfeasor's conduct is the most important indicium of the reasonableness of a punitive damages award. *Chavarria v. Fleetwood Retail Corp.* 2006-NMSC-046, ¶37, 140 N.M. 478, *Grassie v. Roswell Hospital Corp.*, 2011-NMCA-024, ¶ 49, 150 N.M. 283.

16.     Factors the courts consider when determining reprehensibility include:

> 1) the harm caused was physical as opposed to economic; 2) the tortious conduct evinced an indifference to or a reckless disregard for the health or safety of others; 3) the target of the conduct had . . . vulnerability; 4) the conduct involved repeated actions or was an isolated incident; 5) and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 409, 123 S.Ct. 1513, *Grassie*, 2011-NMCA-024, ¶50.

17.     In evaluating the reprehensibility of Defendant Cartagena's conduct, the facts show that 1) Defendant caused both physical and psychological harm to Plaintiff; 2) Defendant's tortious conduct evinced a clear indifference to and reckless disregard for the health and safety of Plaintiff; 3) the Plaintiff was particularly vulnerable given her young age and shy, timid nature; and 4) the harm to Plaintiff was caused by Defendant's trickery and deceit.

18.     The award of punitive damages should bear a rational relationship to the compensatory damages and single-digit multipliers are likely to comport with due process although higher ratios may be appropriate in egregious cases. *Grassie*, 2011-NMCA-024, ¶ 56 (affirming ratio of 10 to 1 punitive damages award).

19.     Given the reprehensibility of the wrong committed by Defendant Cartagena and the lack of any mitigating circumstances, punitive damages equal to the compensatory damages are rational, reasonable and just.

20.     Plaintiff Spilca is awarded $3,000,000.00 in punitive damages.

21.     Given the lack of evidence of contributory negligence on the part of Plaintiff Spilca, Defendant Cartagena is 100% liable for all damages.

All requested Findings of Fact and Conclusions of Law inconsistent with those made by the Court are deemed refused.

Conclusions of Law contained in the "Findings" section are specifically incorporated as a part of the Court's Conclusions of Law.  Similarly, all Findings of Fact contained in the "Conclusions" section are specifically incorporated as a part of the Court's Findings of Fact.

A form of Judgment and Final Order consistent with the above shall be prepared Ms. Nicole W. Moss.

_Theresa Baca_ 5-9-2012

The Honorable Theresa Baca
District Court Judge

EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2012 11:24:46 AM
GREGORY T. IRELAND

Lorenzo Renteria

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

OTILIA SPILCA,

        Plaintiff,

v.                                    D-202-CV-2009-12774

HERMES CARTAGENA,

        Defendant.

## ORDER OF JUDGMENT

This action came before the Court for a hearing on Plaintiff's Motion for Partial Summary Judgment as to Liability on October 25, 2011.  Upon hearing the facts and law presented, the Court granted Plaintiff's motion and entered an order on November 3, 2011.  Following the entry of the Court's order, a hearing was held on April 23, 2012, at which time the Court heard evidence regarding Plaintiff's damages.  Upon completion of evidence, the Court entered Findings of Fact and Conclusions of Law on May 9, 2012.

Pursuant to the Court's Order Granting Plaintiff's Motion for Partial Summary Judgment entered on October 25, 2011 and the Court's Findings of Fact and Conclusions of Law entered on May 9, 2012,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is entered against Defendant Cartagena and in favor of Plaintiff Spilca to recover the sum of $3,000,000.00 in compensatory damages and $3,000,000.00 in punitive damages. Furthermore, Plaintiff Spilca is entitled to interest thereon as afforded by law and pre-judgment interest from the date of filing.

SO ORDERED, ADJUDGED AND DECREED.

EXHIBIT B

_7/6/2012_

THE HONORABLE THERESA BACA
DISTRICT COURT JUDGE

Submitted by:

/s/ Nicole W. Moss 05/207
Nicole W. Moss
KENNEDY & HAN, P.C.
201 12TH Street NW
Albuquerque, NM 87102
Telephone: (505) 842-8662
_Attorneys for Plaintiff_

Approved as to form by:

_Approved Verbally on the Record_
 _at Deposition on 6/29/2012_
Hermes Cartagena
132 Garcia NE, Apt. C
Albuquerque, NM 87123
_Pro Se Defendant_

EXHIBIT B

# ASSIGNMENT OF PROCEEDS, CONTRACTUAL RIGHTS AND CAUSES OF ACTION

## PURPOSE:

The purpose of this Assignment is to assist in the satisfaction of a judgment which has been entered against me, Hermes Cartagena, by the Honorable Theresa Baca in the matter of *Spilca v. Cartegena*, Cause No. D-202-CV-2009-12774, in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on or about June of 2012. Said Judgment is for the amount of $6,000,000, of which $3,000,000 is compensatory damages and $3,000,000 is for punitive damages. I understand and affirm that my liability for damages is based on a finding that I had committed various torts, as further and fully explained and presented in the Court's *Order Granting Plaintiff's Motion for Partial Summary Judgment*, entered on or about November 3, 2011, the Court's *Findings of Fact and Conclusions of Law* filed on May 9, 2012, and the Court's *Order of Judgment*.

Accordingly, as total satisfaction of the liability imposed on me by said Judgment, and in consideration for the Plaintiff's agreement not to otherwise execute the Judgment against me, I agree to the following, and direct all interested parties or entities as follows:

## ASSIGNMENT:

I, Hermes Cartagena, acting on behalf of myself individually and as an agent for Prestige Management Systems, Inc., do hereby assign to Otilia Spilca, insofar as permitted law, any and all rights, including contractual rights, I may or do possess which entitle me to receive proceeds or payments of any sort based on any insurance policy for which I may be, or have been at any relevant time, a covered insured and which does or may provide insurance coverage for the acts of negligence alleged and proven in the matter of *Spilca v. Cartegena*, Cause No. D-202-CV-2009-12774. This assignment specifically includes, but is not limited to, proceeds or payments owed under Zurich North America / Maryland Casualty Company policy number PAS 01579012, which was effective March 1, 2007. I further expressly instruct and direct my insurance company, Zurich North America / Maryland Casualty Company, to pay directly to Otilia Spilca, such sums as maybe due and owed under policy PAS 01579012.

To the extent that coverage under said policy has been, is, or shall be denied, or if any insurance company refuses to make any payments which may be due or owed under any relevant insurance policy, I hereby transfer and assign to Otilia Spilca any right I might have, now or in the future, to bring a civil lawsuit against Zurich North America / Maryland Casualty Company and/or any other insurance company or insurance provider which might be liable at law or in equity for any cause of action, including but not limited to breach of contract and bad faith. I further authorize Otilia Spilca to prosecute any such cause of action in her own name, and I authorize Otilia Splica to compromise, settle, or otherwise resolve any such cause of action as she finds to be in her own best interests.

To facilitate this Assignment, I freely, voluntarily, and affirmatively state that I took no action to cancel the policy cited above on or about on or about July 28, 2007, nor have I ever intended for said policy to be cancelled effective July 28, 2007 at 12:01am local time. I further state that I have been at all relevant times the owner, agent and employee of Prestige Management Systems, Inc., the named insured on policy number PAS 01579012. I understand that by executing this assignment, it shall serve as a full satisfaction of the liability imposed against me in the matter of *Spilca v. Cartegena*, Cause No. D-202-CV-2009-12774.

EXHIBIT C

**MISCELLANEOUS PROVISIONS:**

A) This Assignment shall not be modified or revoked without the express, written consent of Otilia Spilca.

B) This Assignment shall be governed by the laws of the State of New Mexico. In any action based upon this Assignment, I hereby consent to personal jurisdiction and venue in any court of the State of New Mexico. I further waive all objections and affirmative defenses based on improper jurisdiction, venue, or statute of limitations which might otherwise apply in any action based upon this Assignment.

_____
Hermes Cartagena

3 JULY 12
Date


SUBSCRIBED AND SWORN TO before me this 3 day of July, 2012 by Hermes Cartagena.

_____
Notary Public

My Commission Expires:

May 7, 2016

EXHIBIT C

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/13/2013 4:09:40 PM
GREGORY T. IRELAND

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

Kendra Goers

**OTILIA SPILCA, individually**
**and as assignee of**
**HERMES CARTAGNENA**

                                      **Plaintiff,**

**v.**                                                    **No.** D-202-CV-2013-02422
                                                          _____

**ZURICH  INSURANCE NORTH AMERICA /**
**MARYLAND CASUALTY COMPANY**

                       **Defendant**

## COURT-ANNEXED ARBITRATION CERTIFICATION

       COMES NOW, Otilia Spilca, by and through her attorney Nan E. Erdman, and pursuant to the Second Judicial District Local Rules, Rule LR2-603, certifies as follows:

[   ]    This party seeks only a money judgment and the amount sought does not exceed Twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

[ X ]    This party seeks relief other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

                            Respectfully submitted,

                            PAUL KENNEDY & ASSOCIATES

                            /s/ Nan E. Erdman
                            Nan E. Erdman
                            201 12th Street N.W.
                            Albuquerque, New Mexico 87102

                            *Attorney for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/21/2013 11:23:14 AM
GREGORY T. IRELAND

Christina Villa

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

OTILIA SPILCA, individually
and as assignee of
HERMES CARTAGNENA

      Plaintiff,

v.           No. D-202-CV-2013-02422

ZURICH INSURANCE NORTH AMERICA /
MARYLAND CASUALTY COMPANY

   Defendants.

## SUMMONS
## STATE OF NEW MEXICO

TO:     Zurich Insurance North America/
      Maryland Casualty Company
ADDRESS:  Corporation Service Company
      125 Lincoln Ave Suite 223
      Santa Fe, NM 87501

   You are required to serve upon PAUL KENNEDY & ASSOCIATES an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file your answer or motion with the court as provided in Rule 1-005 NMRA.

   If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Attorneys for Plaintiff:
PAUL KENNEDY & ASSOCIATES
Paul J. Kennedy
Nan E. Erdman
201 12th Street NW
Albuquerque, NM 87102
(505) 842-8662

   WITNESS the District Judge for the Second Judicial District Court of the State of New Mexico, and the seal of the District Court of Bernalillo County, **this 16th** day of **March, 2013.**

**GREGORY T. IRELAND**
**CLERK OF THE DISTRICT COURT**

By: _____

**Deputy**

**RETURN**

STATE OF NEW MEXICO
)
) ss.
COUNTY OF BERNALILLO
)

I, being duly sworn on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit and that I served this summons in <u>Santa Fe</u> County on <u>March 19, 2013</u> by delivering a copy of this summons with a copy of complaint attached in the following manner:

[Check one box and fill in appropriate blanks]

[ ]   To defendant _____ (to be used when person receives a copy of the summons and complaint or refuses to accept the summons and complaint)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*)

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   To _____ person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, (*used when the defendant is not presently at place of abode*) located at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint the time of such service was absent there from.

[ ]   To _____ the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at_____(*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendants last known mailing address*)

[X]   To <u>Juella Montaño - Front Receptionist at Scheuer, Yost & Patterson (Corporation Service Company at 125 Lincoln Ave., Suite 223, Santa Fe, NM 87501</u> an agent authorized to receive service of process for Defendant <u>Zurich Insurance North America/Maryland Casualty Company</u>.

[ ]   to _____ [parent] [guardian] [custodian] conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*)

[ ]   To _____ title of person authorized to receive service (used when Defendant is a corporation or association subject to suit under a common name, a land grant, board trustees, the State of New Mexico, or any political subdivision).

Fees: $_____

_____
Michael Tinker - Process Server

Subscribed and sworn to before me this ___20th___ day of ___March___, 2013

_____
Judge, Notary Public, or other Officer
Authorized to Administer Public Oaths

___Notary___
Official Title

OFFICIAL SEAL
Mikail   Tinker
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12-9-2015

My Commission Expires:
___12-9-2015___