IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OTILIA SPILCA, individually,
and as assignee of Hermes Cartagena,

        Plaintiff,
vs.                                                        No. CIV 13-360 GBW/LFG

MARYLAND CASUALTY COMPANY,

        Defendant/Third-Party Plaintiff,
vs.

HERB-JOY ENTERPRISES.

        Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

THIS MATTER is before the Court on Plaintiff Otilia Spilca's ("Spilca") Motion to Compel answers and responses to discovery requests. [Doc. 36.] Defendant Maryland Casualty Company ("MCC") filed a response, and Spilca filed a reply. [Doc. Nos. 42, 50.] There is no need for a hearing.

**<u>Background</u>**

Spilca brings this lawsuit against MCC for claims under New Mexico common law bad faith, fraud, negligent misrepresentation, and breach of contract. [Doc. No. 1, Exhibit; Doc. No. 15.] She also asserts claims under the New Mexico Insurance Code and the New Mexico Unfair Trade Practices Act. She seeks declaratory judgment against MCC for bad-faith refusal to pay a claim on an insurance policy issued by Defendant. [Doc. No. 15.] The claims relate to a sexual assault of

Spilca by assignee Hermes Cartagena ("Cartagena") that occurred in July 2007, and an insurance policy issued by MCC.

The parties stipulate that Spilca is the assignee of Cartagena, who was the defendant-tortfeasor in a related underlying state court lawsuit (Spilca v. Cartagena, D-202-CV-2009-12774). Cartagena owned or was principal agent of Prestige Management Systems, LLC ("Prestige"). [Doc. No. 36 at 2.] Spilca, a 17-year old woman in 2007, responded to an employment ad at Prestige and met with Cartagena. The same day of the meeting, Cartagena sexually assaulted Spilca and was later convicted. Prestige was supposedly insured by MCC under a general commercial liability policy, although there are facts in dispute about the cancellation of that policy. MCC refused to defend or indemnify Cartagena in the underlying civil state lawsuit based on policy exclusionary language and its assertion that Cartagena engaged in intentional conduct. Cartagena represented himself in the state lawsuit. Ultimately, Spilca was awarded a judgment in the amount of $3 million in actual damages and $3 million in punitive damages by the state court.

The Court does not set out the complicated procedural history of these two lawsuits, along with criminal proceedings against Cartagena for sexual assault of Spilca, but refers to its recent decision that discusses at length the background of this litigation. [Doc. No. 71.]

## Motion to Compel

Spilca served a first set of interrogatories and document requests on MCC. [Doc. No. 36-3.] She contends that MCC improperly took a "blanket approach" to objecting to the discovery requests. Spilca generally asserts that MCC's responses demonstrate a "clear pattern of evasive, vague and non-specific objections designed to avoid providing pertinent information. . . ." [Doc. No. 36 at 2.]

MCC contends that it produced all non-privileged and discoverable material in its possession and supplied a privilege log. [Doc. No. 42 at 1.] MCC argues it has no obligation to produce material

2

equally available to Spilca or material that would impose undue burden or expense on it. [Id.] MCC further claims that it supplied the entire claim file regarding this matter and all computer screen shots of the claim file, Bates Nos. 78-313. It provided all electronic notes for the claim and the entire claim file for Prestige's previous claims. According to MCC, it did not hold back any portion of the file regarding this claim. [Id. at 2.] MCC retained four documents it claims are privileged that it included in a privilege log. All four documents are dated in 2013, well after the incident at issue. [Doc. No. 36-2.]

In Spilca's reply, she asserts that MCC's response is not internally consistent or consistent with its original discovery responses. [Doc. No. 50 at 1.] She claims that MCC stated it produced "all non-privileged and discoverable material" that Spilca requested, but further argued it had no obligation to produce documents or materials that would be unduly burdensome or expensive. According to Spilca, MCC admitted it had responsive documents, but it declined to produce them on grounds of relevance or based on its assertion that Spilca had equal access to the same information she requested. [Id.]

At issue are Interrogatory Nos. 2-10 and Request for Production Nos. 1-9. While Spilca specifically set out these discovery requests as being in dispute, she refers in the body of her motion to compel to Request for Production No. 11. [Doc. No. 36 at 11-12.] The attached discovery requests go through Request for Production No. 10 but do not include Request No. 11. [Doc. No. 36-3.] The Court only reviews Interrogatory Nos. 2-10 and Request for Production Nos. 1-9.

   *1.   Interrogatories:*

Interrogatory ("ROG") No. 2 asks that MCC "describe in detail the Maryland standard practice and procedure and insurance industry standards (including the specifics of any prohibitions related to the practice) of cancellations of a policy by a third-party or a secondary insured on the

policy." <u>Interrogatory No. 3</u> asks MCC to describe "the standard practice and procedure and insurance industry standards related to determining the date of cancellation of an insured's policy to be prior to the date a request is made to cancel the policy."

With respect to ROG No. 2, MCC objected to the use of the term "insurance industry standards" as vague and ambiguous, but apparently produced 43 pages of cancellation policies and procedures. [Doc. No. 36-3 at 3.] MCC raised the same objection to ROG No. 3 and referred Spilca to its answer to ROG No. 2.] [<u>Id.</u> at 4.]

In support of the interrogatories, Spilca argues that insurance regulation and standardization have long been a critical part of the insurance industry and that certain named entities in the field provide standards and practices that insurance companies follow. Thus, Spilca requests that MCC supplement its responses regarding the industry standards *used by MCC* in regard to these interrogatories, including policy cancellation, or that MCC affirmatively state that it does not rely on industry standards. [Doc. No. 36 at 11.]

MCC argues that ROG Nos. 2 and 3 did not ask for information regarding the industry standards *used by MCC*. Instead, the interrogatories asked for a description of industry standards more generally. MCC states if is not obliged to provide descriptions of such standards that are equally available to Spilca.

The Court finds that ROG Nos. 2 and 3, as worded, ask for general information rather than industry standards or procedures that MCC used. In other words, the ROGS appear to seek broad industry information rather than specific information in relation to Prestige's policy or cancellation of that policy. That type of industry standard or procedure is equally available to Spilca. Thus, under the balancing process set forth by Fed. R. Civ. P. 26(b)(2)(C), the Court concludes that MCC need not produce additional information in response to ROG Nos. 2 and 3. Moreover, to the extent

4

Spilca asks that MCC affirmatively state it does not rely on industry standards, that is the type of question more appropriately raised by a Request for Admission. Therefore, the Court denies the motion to compel as to ROG Nos. 2 and 3.

Interrogatory No. 4 asks MCC to produce all information in its possession regarding Spilca, Cartagena, Prestige, Innovage Distribution, Inc. ("Innovage"), and the Smart Circle ("Smart Circle"), and Southwest Promotion, Inc. ("Southwest"), including the date MCC obtained that information. [Doc. No. 36-3 at 5.] According to the briefing, this interrogatory seeks information relating to third-party requests to cancel the policy in question or to back-date the cancellation of the policy. [Doc. No. 36 at 11-12.]

MCC initially presented boilerplate objections that are improper when the objecting party proves no additional explanation. *See* Howard v. Segway, Inc., 2013 WL 869955, at *3 (N.D. Okla. Mar. 7, 2013) (unpublished) ("Objections must be specific and fully explained or else the requesting party is unable to evaluate the objection's merits and determine whether to challenge it.") (citation omitted). However, MCC explained that Southwest is an independent company that only shared office space with Cartagena and Prestige. MCC further objected on grounds that any responsive information it obtained after the filing of the lawsuit was protected by attorney-client privilege or the work product doctrine. [Doc. No. 36-3 at 5.] Without waiving the objections, MCC appears to have produced hundreds of pages of documents including the underlying file, claims file, electronic clam notes, a previous claim by Prestige, policy statistical reports for Prestige, policy documents for policies issued to Prestige, documents related to Prestige's workers' compensation policies, and documents related to policies issued to the third-party defendant, Herb-Joy. [Id. at 5-6.]

Spilca argues that MCC refuses to produce information related to entities that MCC contends played a role in the cancellation of the policy at issue. Such entities, according to Spilca, include

5

Innovage, Herb Joy, Smart Circle, and Southwest. Spilca also notes in her reply that she recently filed an unopposed motion to amend her complaint, to add as defendants Herb Joy, Innovage, Smart Circle, and John A. Parks, Co., Inc. ("Parks"). [Doc. No. 49.] The proposed amended complaint alleges that each of the entities played a role in the invalid attempts to cancel the Prestige insurance policy at issue. [Doc. No. 50 at 3.]

The Court overrules MCC's objections. While an amended complaint could open the door to discovery on claims, the additional proposed defendants are not currently before the Court. Thus, the fact of the undecided motion to amend does not persuade the Court to require supplementation of responses to the request. However, MCC purportedly contends that third-parties played some role in requesting cancellation of the pertinent insurance policy. This makes the request relevant to the claims and defenses.[1] In addition, the Rule 26(b)(2)(C) balancing factors favor production. Therefore, the Court grants Spilca's motion to compel additional information in response to ROG No. 4 and directs MCC to provide full responsive information to ROG No. 4 to the extent MCC contends that any of the third parties played some role regarding a cancellation request. If MCC contends any of the responsive information is privileged, it should amend its privilege log with sufficient information for Spilca to determine the appropriateness of the assertion of the privilege.

Interrogatory No. 5 asks MCC to describe all of its communication with Parks and any of its agents or employees regarding Spilca, Cartagena, Prestige, Innovage, Herb Joy, Smart Circle or Southwest. [Doc. No. 36-3 at 7.] For the same reasons discussed above, the Court overrules MCC's

---

[1]There are additional interrogatories and document requests seeking information about the third parties who allegedly communicated with MCC about cancellation of the policy at issue. While normally, the Court would not permit such discovery, it appears that MCC contends that a third-party was involved in the cancellation request. This is the primary reason that the Court finds the discovery requests in relation to third parties to be relevant to the claims and defenses.

objections and grants the motion to compel full, responsive information to ROG No. 5. The Court understands ROG No. 5 to ask for information about communications from any and all of these entities in relation to Cartagena's or Prestige's insurance policy and the attempt to cancel that policy in relation to the sexual assault in July 2007. Thus, responsive information about the communications must be described, assuming MCC contends that a third-party was involved in a request to cancel the policy. Again, to the extent MCC can assert a legitimate privilege, it may amend its privilege log provided it supplies adequate information on the log. The Court grants the motion to compel a full answer to ROG No. 5.

Interrogatory No. 6 asks for all information that MCC has regarding the cancellation of the policy at issue, including the names of anyone who requested the cancellation, and the date of the request for cancellation. The remainder of ROG No. 6 appears incomplete. [Doc. No. 36-3 at 8.] MCC raises a litany of objections, including a contention that some requested information may be privileged. It also refers Spilca to information produced in response to ROG No. 4.

This interrogatory appears somewhat duplicative of previously discussed interrogatories. However, for the same reasons stated above, the Court overrules the objections to the extent that MCC did not fully answer ROG No. 6. MCC must produce full responsive answers to ROG No. 6, to the extent the information is not privileged. Thus, the Court grants the motion to compel a full answer to ROG No. 6.

Interrogatory No. 7 requests all information that MCC possesses regarding the July 27, 2010 [sic] incident between Spilca and Cartagena, including but not limited to the dates on which the information became available to MCC. [Doc. No. 36-3 at 9.] MCC objected on numerous grounds and also on grounds of attorney-client privilege. MCC then referred Spilca to its answer to ROG No. 4.

The interrogatory seeks relevant information. Therefore, the Court overrules MCC's objections and grants the motion to compel to the extent MCC has responsive information that is not privileged and that has not already been produced in response to ROG No. 7.

Interrogatory No. 8 asks MCC to provide information regarding all claims filed against "a Maryland policy from 2006 to the present due to or based upon an incidence of sexual assault." Spilca asks MCC to provide the date of the claim, the type of policy involved, the final determination on the claim, whether a lawsuit was filed, and the cause number and court identification.

Neither Spilca nor MCC provided the Court with sufficient factual information to allow the Court to conduct a proper proportionality analysis under Rule 26(b)(2)(C), or to consider matters of cost-shifting if the information is inaccessible.

Under Rule 26(b)(2)(C), a court must limit discovery otherwise allowed by the rules if it determines that the discovery sought is unreasonably cumulative, duplicative, or accessible from other sources that are more convenient, less burdensome, or less expensive. In other words, the Court needs sufficient information to analyze whether the burden of producing the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

The party opposing discovery has a heavy burden of showing why the discovery should not be permitted. Brady v. Grendene USA, Inc., 2012 WL 6086881, at *2 (S.D. Cal. Dec. 6, 2012) (unpublished) (discussing burden). Here, MCC asserts, without support of an affidavit from someone in a position to know, that the information is inaccessible.

When the Court is provided with more than conclusory statements about how difficult or costly it is to produce the proposed discovery or the alleged inaccessibility of the requested discovery, the Court can determine if the request is proportional to the needs of the case. Moreover,

the Court can consider shifting the cost of discovery to the requesting party if the information is, indeed, inaccessible. *See* Zubulake v. UBS Warburg, LLC, 217 F.R.D. 309, 317-19 (S.D.N.Y. 2003). (discussing cost-shifting and the appropriate analysis). In Zubulake, shifting the cost of production to the requesting party is considered when the data is not in an accessible format. *See also* OpenTV v. Liberate Tech., 219 F.R.D. 474, 476 (N.D. Cal. 2003) (discussing cost-shifting).

Because both parties failed to provide the Court with the information it needs to conduct the Rule 26(b)(2)(C) proportionality analysis, the Court will deny this portion of Spilca's request to compel, without prejudice. Spilca may file a new motion to compel a response to ROG No. 8 by December 12, 2013. MCC will have the standard response time to provide affidavits and other factual information concerning the alleged inaccessibility and verification of why the costs and burdens outweigh the benefit of production.

Interrogatory No. 9 asks MCC to provide information regarding all lawsuits filed against it in which a basis of MCC's affirmative defense was that the policy had been cancelled on a date previous to the date when the cancellation was requested. MCC objects on essentially the same grounds set out in response to ROG No. 8.

The parties again failed to provide sufficient information or affidavit statements to allow the Court to conduct a proper proportionality analysis under Rule 26(b)(2)(C), or to consider whether cost-shifting would be appropriate. Therefore, for the same reasons discussed above, Spilca may file a new motion to compel a response to ROG No. 9 by  December 12, 2013. MCC will have the standard response time to provide affidavits and other factual information concerning the alleged inaccessibility and verification of why the costs and burdens outweigh the benefit of production.

Interrogatory No. 10 aks MCC to provide information regarding all lawsuits filed against it in which the basis of the claim against MCC was a claim by the insured for MCC's bad-faith failure

to investigate or pay a claim. [Doc. No. 36-3 at 12.] MCC objects on the same grounds set forth in response to ROG No. 8.

The interrogatory, as phrased, is without limit.  The Court will permit Spilca to file a new motion to compel a response to ROG No. 10, but requires it to limit the interrogatory appropriately with respect to scope and time.  Again, Spilca has until  December 12, 2013 to re-submit a motion to compel regarding an amended ROG No. 10.  MCC may then raise objections if appropriate.  To the extent MCC claims the information is inaccessible or unduly burdensome in terms of locating the information and providing it, MCC must supply affidavit statements, as explained above, so that the Court has adequate information to conduct the Rule 26(b)(2)(C) proportionality analysis.

### 2. *Requests for Production:*

Request for Production ("RFP") No. 1 aks for all documents in MCC's possession regarding Prestige, Cartagena, or Spilca. [Doc. No. 36-3.] MCC objects on grounds of privilege regarding documents obtained after the filing of the lawsuit and refers Spilca to its answer and documents produced in response to ROG No. 4.

The RFP is relevant to the claims and defenses.  To the extent that MCC did not fully respond to RFP No. 1 with non-privileged documents, it must do so.  Therefore, the Court grants the motion to compel supplementation of MCC's response to RFP No. 1.

Request for Production No. 2 asks MCC to provide copies of each communication between MCC and Cartagena or Prestige, MCC and Innovage, MCC and Herb Joy, MCC and Southwest, and MCC and Smart Circle.  MCC objected on grounds of privilege and referred Spilca to its answer and production in response to ROG No. 4.

The RFP is relevant to the claims and defenses. To the extent that MCC did not fully respond to RFP No. 2 with non-privileged documents, it must do so. Therefore, the Court grants the motion to compel supplementation of MCC's response to RFP No. 2.

<u>Request for Production No. 3</u> requests copies of every communication between MCC and any third-party regarding Spilca, Cartagena, Prestige, Innovage, Smart Circle "or [sic] the Policy." MCC objected on the same grounds raised in response to the first two RFPs. The request appears duplicative of RFP Nos. 1 and 2. However, to the extent there are additional responsive documents that are not privileged, MCC must produce them or amend its privilege log accordingly.

<u>Request for Production No. 4</u> asks MCC to provide all "Maryland policy, procedure, internal standards and industry standards in Maryland's possession regarding the cancellation of a policy by a secondary insured or a third-party." MCC raised objections on grounds of privilege and based on the use of "industry standards, which it contends is vague and ambiguous. Without waiving the objections, MCC referred Spilca to its answer to ROG No. 2.

The Court sustains the objections and further finds the request to be overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, the Court will require MCC to supplement its response to RFP No. 4 to the extent it has documents not already produced that are responsive to this request in terms of the pertinent policy issued to Cartagena or Prestige. In other words, MCC must produce its policies, procedures, internal standards and industry standards in its possession that concern cancellation of the policy at issue. The Court, therefore, grants the motion to compel a response to RFP No. 4 as limited.

<u>Request for Production No. 5</u> seeks "all Maryland policy, procedure, internal standards and industry standards in Maryland's possession regarding back-dating the cancellation date of a policy prior to the date the request for cancellation was made." MCC objected on grounds of privilege and

11

on its position that the phrase "industry standards" is vague and ambiguous. MCC referred Spilca to its answer in response to ROG No. 2.

Should such non-privileged information exist, the Court finds that the issue of back-dating a cancellation date of a policy prior to the date the request for cancellation is made is relevant to the claims and defenses. Moreover, the request appears very narrow in scope. Thus, the Court grants the motion to compel supplementation of MCC's response to RFP No. 5.

Request for Production No. 6 asks MCC to produce all documents that discuss or analyze MCC's policy regarding back-dating cancellations of customer's Insurance policies. MCC objected on the grounds of privilege and referred Spilca to its response to ROG No. 2.

RFP No. 6 appears duplicative of RFP No. 5 and related interrogatories. In addition, it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. It requests information not limited in time or scope. Therefore, the Court denies the motion to compel supplementation of MCC's response to RFP No. 6.

Request for Production No. 7 asks MCC to produce all documents that discuss or analyze Maryland policy regarding back-dating cancellations of customer's Insurance policies. The objections are the same. The Court denies the motion to compel for the same reasons stated in its ruling as to RFP No. 6.

Request for Production No. 8 asks MCC to produce all documents that discuss or analyze MCC's policy regarding who, other than an insured, is authorized to cancel an insured's policy. The objections are the same. To the extent that MCC has responsive documents in relation to the policy or time frame at issue (2007), it must produce non-privileged documents. Therefore, the Court grants the motion to compel an additional response to RFP No. 8, consistent with this limitation.

Request for Production No. 9 requests a "log" of names, titles, responsibilities, and contact information of any MCC employees that did or would likely have had verbal contact with Cartagena, Prestige, Herb Joy, Innovage, Smart Circle, Southwest, as well as any MCC employee responsible for the accounts of those entities. In response, MCC referred Spilca to Bates Nos. 000069-MCC 000319. There is no indication that MCC's response was insufficient. Therefore, the Court denies the motion to compel with respect to RFP No. 9.

## **Conclusion**

The Court grants in part and denies in part Spilca's motion to compel [Doc. No. 36.] With respect to the Court's ruling that Spilca, in some instances, may file revised motions to compel, the revisions are due by December 12, 2013. To the extent, MCC was directed to provide additional answers or responses to some discovery requests, it must do so by December 17, 2013. If MCC must supplement the privilege log, an amended privilege log is also due by December 17, 2013.[2]

The attorneys are encouraged to work out discovery issues such as these without Court intervention. The briefing was not helpful in determining what discovery requests were still in dispute or if additional responsive information was actually available. The Court cannot compel information that does not exist.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. No. 36] is GRANTED in part and DENIED in part, consistent with this Order.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] The undersigned Magistrate Judge extends the current discovery deadline for the limited purposes of providing the supplemental discovery responses and re-submitting the motion to compel with respect to specified discovery requests.