IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OTILIA SPILCA, individually
and as assignee of HERMES CARTAGENA,

    Plaintiff,

v.                                              No.  13-CV-360 GBW/CG

MARYLAND CASUALTY COMPANY,

    Defendant,

MARYLAND CASUALTY COMPANY,

    Third-Party Plaintiff,

v.

HERB-JOY ENTERPRISES,

    Third-Party Defendant,

**ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

    This matter comes before the Court on Plaintiff's Opposed Motion for Leave to Add Parties and File an Amended Complaint. *Doc. 49*. The Court, having reviewed the Motion and accompanying briefing (*docs. 62, 68*), having considered the parties' arguments at the January 10, 2014 motion hearing, and being otherwise fully advised, will GRANT the Motion.

1

I. **BACKGROUND**

This case arises from an injury suffered by Plaintiff on the premises of Prestige Management Systems, Inc. ("Prestige") on July 28, 2007. *Doc. 2*, Ex. A at 3. Prestige was insured under a liability insurance policy (the "Policy") issued by Defendant Maryland Casualty Company ("Maryland") that covered, among other things, claims for bodily injury due to incidents occurring on the insured property. *Id.* at 2-3.

In July 2007, Plaintiff responded to an advertisement for employment with Hermes Cartagena, the sole owner and operator of Prestige. *Id.*, Ex. A-A at 1-2. Plaintiff arrived at the premises of Prestige on July 28, 2007, for a "day of observation," as was required of all prospective sales employees. *Id.* at 2. That afternoon, Mr. Cartagena took Plaintiff to his office, locked the door, and forced Plaintiff to engage in various nonconsensual sexual acts. *Id.* at 2-3.

As a result of these events, Mr. Cartagena was arrested and his business was closed. *Id.*, Ex. A at 4; Ex. A-A at 4. He eventually pled guilty to state charges of criminal sexual penetration, false imprisonment, and escape from a police officer. *Id.*, Ex. A-A at 4. Plaintiff sued Mr. Cartagena for negligence in state court and was awarded damages in the sum of $6,000,000 on May 9, 2012. *Id.* at 6-9. Mr. Cartagena submitted a claim to Defendant Maryland based on this action, but Maryland declined to provide a legal defense to Mr. Cartagena or to make any payment on Plaintiff's claim,

alleging that the Policy had been canceled on July 28, 2007—the day of the incident in question—as of 12:01 a.m. *Id.*, Ex. A at 3.

On July 3, 2012, Plaintiff entered into a written agreement with Mr. Cartagena (the "Assignment") designed to "assist in the satisfaction of [the state court] judgment . . . ." *Id.*, Ex. A-C. In the Assignment, Mr. Cartagena assigns to Plaintiff "any and all rights" entitling him "to receive proceeds or payments of any sort based on any insurance policy," in consideration for Plaintiff's agreeing not to enforce the judgment against him. *Id.*

On March, 3, 2013, Plaintiff filed her complaint in the instant case against Defendant Maryland in New Mexico state court on behalf of herself individually, and as the assignee of Mr. Cartagena. *Id.*, Ex. A. In her complaint, she alleges a variety of state statutory and common law claims. Defendant removed the case to this Court on diversity grounds on April 16, 2013. *Doc. 2.*

On September 12, 2013, Defendant Maryland filed a third-party complaint against Herb-Joy Enterprises ("Herb-Joy"), a company that had contracted with Prestige to provide management services. *Doc. 37.* According to Maryland, Herb-Joy had improperly requested the retroactive cancelation of the Policy, and was therefore liable to Maryland for falsely representing that it was authorized to cancel the Policy when it did not in fact have that authority. *Id.*

3

## II. PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD PARTIES

### A. The Proposed Amendments

In her Motion for Leave to Add Parties and File Amended Complaint, *doc. 49*, Plaintiff seeks to add four new Defendants, as well as two additional claims against Defendant Maryland for breach of fiduciary duty and equitable relief.

Plaintiff moves to add the following entities as defendants in her amended complaint: John A. Parks Co., Inc. ("Parks"), the insurance agency that assisted in the sale of Maryland's insurance policy to Prestige; Herb-Joy, which contracted with Prestige to provide management services; Smart Circle International, LLC ("Smart Circle"), which provided Prestige with advertising and marketing services; and Innovage LLC ("Innovage"), which sold goods wholesale to Prestige and performed various other services for it.

Plaintiff's claims against the additional defendants center on the allegedly improper cancelation of the policy. Plaintiff claims that Smart Circle and Innovage attempted to cancel the Policy at the direction of Herb-Joy, when none of these entities had the authority to cancel the Policy retroactively. As to Parks, Plaintiff alleges that Parks should not have canceled the Policy based on requests from entities that did not have cancelation authority.

Defendant Maryland does not oppose Plaintiff's Motion. However, on October 25, 2013, Third-Party Defendant Herb-Joy filed a Response in Opposition to Plaintiff's

Motion to Amend, requesting that the Court deny Plaintiff's Motion as futile. *Doc. 62.* Herb-Joy's Response relies primarily on the argument that the Assignment between Mr. Cartagena and Plaintiff did not assign any rights against the proposed defendants, and that Plaintiff cannot bring these claims on her own behalf.

Plaintiff filed her Reply on November 12, 2013, arguing that the Assignment should be construed broadly to include all of Mr. Cartagena's rights as against the proposed defendants. *Doc. 68.* In the alternative, Plaintiff alleges that she may bring these claims based on her status as an intended third-party beneficiary of the Policy.

A hearing was held on Plaintiff's Motion on January 10, 2014. *Doc. 94.*

### III.  STANDARD OF REVIEW

Based on the timing of Plaintiff's Motion to Amend, she is beyond the period during which she can amend her complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Therefore, the "decision to grant leave to amend a complaint . . . is within the trial court's discretion." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Leave to amend shall be freely given "when justice so requires," but need not be given where amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

To avoid a finding of futility, therefore, the amended complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79. While the court must accept all the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

IV.   **ANALYSIS**

   **A. The Scope of the Assignment**

Central to the determination of futility is establishing which rights were in fact assigned to Plaintiff under the Policy.  Plaintiff argues that the Assignment should be interpreted broadly to include not only Mr. Cartagena's rights against Maryland, but also any rights he had against Parks, Herb-Joy, Smart Circle, and Innovage.  In support of this argument, she contends that a broad interpretation would serve the purposes of the Assignment, which was to enable Plaintiff to obtain recovery for the July 28, 2007 incident at Prestige, and to the collect the $6,000,000 she was awarded in the state court judgment.  Herb-Joy counters that "the Assignment is limited to insurance proceeds or payments," and therefore does not provide Plaintiff the right to proceed against non-parties to the Policy.  *Doc. 62* at 2.

6

The pertinent portion of the Assignment is replicated in full below:

I, Hermes Cartagena, acting on behalf of myself individually and as agent for Prestige Management Systems, *do hereby assign to Otilia Spilca, insofar as permitted law [sic], any and all rights, including contractual rights, I may or do possess which entitle me to receive proceeds or payments of any sort based on any insurance policy* for which I may be, or have been at any relevant time, a covered insured and which does or may provide insurance coverage for the acts of negligence alleged and proved in the matter of Spilca v. Cartegena, Cause No. D-202-CV-2009-12774. This assignment specifically includes, but is not limited to, proceeds or payments owed under Zurich North America / Maryland Casualty Company policy number PAS 01579012, which was effective March 1, 2007. I further expressly instruct and direct my insurance company, Zurich North America / Maryland Casualty Company, to pay directly to Otilia Spilca, such sums as maybe [sic] due and owed under Policy PAS 01579012.

To the extent that coverage under said policy has been, is, or shall be denied, or if any insurance company refuses to make any payments which may be due or owed under any relevant insurance policy, *I hereby transfer and assign to Otilia Spilca any right I may have, now or in the future, to bring a civil lawsuit against Zurich North America / Maryland Casualty Company and/or any other insurance company or insurance provider which might be liable at law or in equity for any cause of action*, including but not limited to breach of contract and bad faith. I further authorize Otilia Spilca to prosecute any such cause of action in her own name, and I authorize Otilia Splica [sic] to compromise, settle, or otherwise resolve any such cause of action as she finds to be in her own best interests.

*Doc. 2*, Ex. A-C at 1 (emphasis added).

"'The primary objective in construing a contract is to ascertain the intention of the parties.'" *Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 858 P.2d 66, 80 (N.M. 1993) (citing *Mobile Investors v. Spratte,* 605 P.2d 1151, 1152 (N.M. 1980)). "Where a

7

written contract is uncertain or ambiguous, the intent of the parties may be ascertained by their language and conduct, the objects sought to be accomplished, and surrounding circumstances at the time of execution of the contract." *Leonard v. Barnes*, 404 P.2d 292, 303 (N.M. 1965); *see also Manuel Lujan Ins., Inc. v. Jordan*, 673 P.2d 1306, 1309 (N.M. 1983). On the other hand, the Court may not place a different interpretation on terms that are unambiguous, but must give the words "their ordinary and usual meaning." *ConocoPhillips Co. v. Lyons*, 299 P.3d 844, 852 (N.M. 2012) (citing *Rust Tractor Co. v. S. Union Gas Co.*, 512 P.2d 83, 84 (N.M. 1973)).

The Court finds that, on the crucial point, the language of the Assignment is uncertain and ambiguous. Indeed, the Assignment can be reasonably read to be limited, as Herb-Joy argues, to the right to pursue the proceeds of the insurance policy from Maryland and/or bad faith and contractual claims against Maryland or other insurance providers. However, such is not the only reasonable interpretation. In particular, the Court notes the language which assigned to Plaintiff the "rights . . . to receive proceeds or ***payments of any sort based on*** any insurance policy . . ." (emphasis added). Certainly Plaintiff's new claims seek payment from the original and newly proposed defendants. And these claims are, from a common sense perspective, "based upon" Cartegena's insurance policy from Maryland. At least at this stage, the Court is unwilling to declare that the noted language does not encompass Plaintiff's new claims.

8

As such, without further evidence of Plaintiff and Mr. Cartagena's intent in entering into the Assignment, the Court does not find Plaintiff's Motion to Amend to be futile.[1]

### V.  CONCLUSION

For the foregoing reasons, the Court finds that the proposed claims in Plaintiff's amended complaint are not futile.

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion for Leave to Add Parties and File an Amended Complaint (*Doc. 49*) is hereby GRANTED and Plaintiff shall forthwith file her amended complaint as proposed in exhibit 1 attached to Plaintiff's motion.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

---

[1] Because the Court finds that the claims in Plaintiff's proposed amended complaint are not futile based on her purported status as Mr. Cartagena's assignee under the Assignment, it need not, and does not, express an opinion as to Plaintiff's ability to bring these claims independently.  Moreover, at the hearing, Herb-Joy conceded that, if the Court considered the Assignment language ambiguous, it should grant the motion for leave to amend.  As such, the Court need not, and does not, express an opinion on arguments in Herb-Joy's Response that Plaintiff's Unfair Trade Practices Act claim and claim for declaratory judgment are defective.  Herb-Joy is free to move to dismiss those claims pursuant to Rule 12 should it wish.