**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OTILIA SPILCA, individually
and as assignee of HERMES CARTAGENA,

      Plaintiff,

v.                                    No.  13-CV-360 GBW/CG

MARYLAND CASUALTY COMPANY,

      Defendant,


MARYLAND CASUALTY COMPANY,

      Third-Party Plaintiff,

v.

HERB-JOY ENTERPRISES,

      Third-Party Defendant,

## <u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS</u>

    This matter comes before the Court on Plaintiff's objections to three orders issued by United States Magistrate Judge Lorenzo Garcia.  *Docs. 85, 86, 87*.  The Court, having reviewed the objections and underlying orders, will overrule them.

## I.    Objections to Order at *Doc. 71*

    Plaintiff's first set of objections relate to Judge Garcia's order granting Defendant's Motion to Compel.  *See docs. 33, 46, 55, 71, 85*.  Plaintiff asks the Court *inter*

*alia* to overrule the granting of the motion to compel.  *Doc. 85* at 10.  Plaintiff's argument against Defendant's discovery requests is that (a) the doctrines of res judicata and collateral estoppel preclude certain arguments and defenses by Defendant, and (b) if those arguments and defenses are precluded, the discovery sought is no longer relevant.  *See doc. 46*.  In his order, Judge Garcia concluded that the preclusion of certain defenses under those doctrines was a matter for the presiding judge and that until the presiding judge made such a ruling, discovery on those matters could proceed.  *See doc. 71.*

Plaintiff contends that "[i]t is axiomatic that if litigation as to a specific claim is prevented because of prior litigation on the identical claim, then any discovery as to that claim should be prevented as well.  '[A]llowing discovery to go forward when issue preclusion is warranted would defeat the purposes of that doctrine.'"  *Doc. 85* at 2.  Indeed, courts have stayed discovery pending resolution of res judicata or collateral estoppel issues.  *See e.g., SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507 (10th Cir. 1990).  But Plaintiff's argument puts the cart before the horse.  She has not filed a motion to stay discovery until a ruling on those issues can be made.  In fact, even three months after Judge Garcia's order was filed, she has yet to file a motion seeking a ruling on the res judicata or collateral estoppel doctrines.  Under these circumstances, the Court cannot conclude that Judge Garcia erred in granting the motion to compel.  Thus, Plaintiff's objection on this issue is overruled.

Plaintiff's remaining objections to Judge Garcia's order (*doc. 71*) seek to have it stricken because in its Background section, it "contains inaccuracies regarding the background procedure and facts." *Doc. 85* at 3-9.  In overruling Plaintiff's objection above, the Court did not rely on any of the alleged inaccuracies described by Plaintiff. As none of facts as described in Judge Garcia's order are binding on the Court going forward, there is no need to strike the order.  Plaintiff's request to strike is overruled.

## II.      Objections to Order at *Doc. 72*

Plaintiff's second set of objections relate to Judge Garcia's order granting in part and denying in part Plaintiff's Motion to Compel.  *See docs. 36, 42, 50, 72, 86*.  This set of objections simply reasserts her objections to the Background section of the order at *doc. 71* to the extent that they are incorporated into the order at *doc. 72*.[1]  As before, because none of facts as described in Judge Garcia's order are binding on the Court going forward, there is no need to address these factual disputes at this time.  Thus, these objections will be overruled.

## III.     Objections to Order at *Doc. 73*

Plaintiff's third set of objections relate to Judge Garcia's order denying Plaintiff's Motion for Protective Order.  *See docs. 34, 47, 60, 73, 87*.  However, Plaintiff "expressly does not dispute the ruling of the Court," but objects only to alleged "inaccuracies

---

[1] Plaintiff also references her renewed motion to compel with respect to Interrogatories 8, 9, and 10.  That motion has been filed at *doc. 81*.  The Court need not address that dispute until it is ruled upon by the assigned referral judge.

regarding the procedural and factual background regarding this matter." *Doc. 87* at 1-2. Thus, Plaintiff seeks to have the background stricken from the order. First, Plaintiff objects because the "order improperly suggests that Plaintiff did not have valid and viable negligence claims in the underlying case." *Doc. 87* at 2-3. If Judge Garcia indeed intended to make this suggestion, his impression on this legal issue is not binding on this Court. As such, there is no reason to strike those portions of the order. Second, Plaintiff objects because the order "improperly supports MCC contentions that Plaintiff committed coercion in the underlying case." Plaintiff cites to two portions of the order which describe the testimony about what Cartagena believed and testified. Plaintiff does not deny that Cartagena so testified. As such, there does not appear to be any erroneous facts which should be stricken. To the extent that Judge Garcia came to the legal conclusion that coercion occurred, his impression on this legal issue is not binding on this Court. As such, there is no reason to strike those portions of the order.

## IV. Conclusion

For the forgoing reasons, Plaintiff's Objections at *docs. 85, 86, and 87* are OVERRULED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

4