IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OTILIA SPILCA, individually
and as assignee of HERMES CARTAGENA,

      Plaintiff,

v.                                           No.  13-CV-360 GBW/CG

MARYLAND CASUALTY COMPANY,

      Defendant,


MARYLAND CASUALTY COMPANY,

      Third-Party Plaintiff,

v.

HERB-JOY ENTERPRISES,

      Third-Party Defendant,


**ORDER REGARDING THIRD-PARTY DEFENDANT'S MOTION FOR CLARIFICATION**

This matter comes before the Court on Third-Party Defendant's Herb-Joy Enterprises ("Herb-Joy") Motion for Clarification.  *Doc. 108*.  The Court, having reviewed the Motion and accompanying briefing (*docs. 118*), and being otherwise fully advised, rules as follows:

Herb-Joy contends that it seeks clarification "whether the Plaintiff is authorized to amend her complaint to include a claim against Smart Circle International, LLC

1

("Smart Circle")." *Doc. 108* at 1. In the Order in question, the Court granted Plaintiff's Motion for Leave to Add Parties and File Amended Complaint. *Doc. 104*. As required by the Local Rules, Plaintiff had attached to her motion the proposed amended complaint. *See doc. 49*, Ex. 1. Upon granting Plaintiff's motion, the Court ordered that "Plaintiff shall forthwith file her amended complaint as proposed in exhibit 1 attached to Plaintiff's motion." *Doc. 108* at 9. The proposed amended complaint included a claim against Smart Circle. Thus, the Court did authorize Plaintiff to amend her complaint to include a claim against Smart Circle. To the extent that Herb-Joy sought only clarification on that issue, it has been provided.

However, as noted by Plaintiff, Herb-Joy's motion reads instead as a motion to reconsider on this issue. The Court notes that motions for reconsideration are not expressly provided for in the Federal Rules of Civil Procedure. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 229 F.R.D. 232, 234 (D.N.M. 2005) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). However, the Rules do state that "any order . . . , however designated, that adjudicates fewer than all the claims [at issue] . . . may be revised at any time before the entry of judgment adjudicating all the claims [at issue]." Fed. R. Civ. P. 54(b). Herb-Joy apparently requests reconsideration of an order granting leave to file an amended complaint. Because the order in question does not adjudicate all the claims at issue, it is properly treated as interlocutory and is subject to revision by the Court at any time. *Trujillo v. Bd.*

*of Educ. of Albuquerque Pub. Schs.*, 212 Fed. App'x 760, 765 (10th Cir. 2007); *see also Hunt v. Green*, 376 F. Supp. 2d 1043, 1049 (D.N.M. 2005). A court may reconsider an interlocutory order when it has made an error of fact or of law. *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. 2011) (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Herb-Joy essentially argues that the Court made a legal error when it permitted the addition of the claim against Smart Circle. The Court's decision to permit the amended complaint was based upon the possibility that the new claims were assigned from Cartagena to Plaintiff. *See doc. 104*. However, Herb-Joy urges that, at least as to Smart Circle, any assignment would be void by the terms of the contract. *Doc. 108* at 3-4. Herb-Joy further argues that this proposition was conceded by Plaintiff. *Id*.

The Court finds no such concession from Plaintiff. As to the merits of the argument, Smart Circle may indeed succeed if it presses this argument in a motion to dismiss. But, at this point, the Court finds no legal error in permitting the amended complaint to be filed and giving counsel for Smart Circle the opportunity to do so.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**